STATE of Missouri, Respondent,

v.

Mason VANDIVER, Appellant.

No. 40942.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

Joseph Webb, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals his conviction by a jury of the offense of first degree robbery and first degree felony murder. The jury assessed his punishment at 50 years on the robbery charge and life imprisonment on the murder charge. The court ordered the sentences to run concurrently.

The state filed a two count indictment on February 25, 1977. On March 2, 1977, defendant entered a plea of not guilty. Subsequently, defendant filed a motion to suppress statements and motion for psychiatric examination. On January 10, 1978, defendant filed notice of intent to rely on the defense of not guilty by reason of mental disease or defect excluding responsibility.

The court denied the motion to suppress statements. A jury was impaneled and trial began on June 5, 1978.

The evidence showed that the victim of this crime was murdered on the evening of January 12 or the early morning of January 13, 1977. The police arrested the defendant in the victim's car on January 13, 1977. At that time, the defendant was wearing the victim's ring. Some of the victim's property was found in the possession of defendant's cohort, Herman Smith. Defendant made a confession of the murder and robbery to the police and ultimately made one on videotape which was played to the jury. The defendant and Carter[1] saw the victim at a restaurant. They asked him for a ride. "I got in the back seat and Carter got in the front seat and we got a little way away from the grill and I pulled the gun out." The victim was told to go to his apartment. Upon arrival, defendant and Carter told the victim that they were going to tie him up and take a few things. The defendant stated:

> The man started screaming. So, Carter grabbed him and gave me the gun and told me to hit him over the head and I hit him over the head a couple of times and we got him down on the ground and Carter had gotten this rope and already put it around his wrists and I went in the kitchen while Carter held him down and got a knife and went back in and gave it to Carter and he tried to stab the man in the chest and the knife bent, so, he straightened the knife up and he stabbed him in the stomach, and the man was still alive, you know, still trying to scream.
>
> So, I lifted his head up and Carter put the rope around him and we both pulled and strangled him and when he died this air was coming out of his lungs, so I put a sock in his mouth to keep him from making the noise and then we just took his stuff and left.

The transcript contains only the verdict form finding defendant guilty on both counts. We glean from the briefs that the only other verdict forms submitted to the jury were those permitting a finding of not guilty by reason of mental disease or defect excluding responsibility.

On appeal, defendant raises two points of error. We have examined the record and find no prejudicial error.

As one of his points, defendant alleges "the trial court erred in failing to give the jury verdict form on not guilty of Count I and not guilty of Count II as required by MAI–CR 2.86. The jury had no opportunity to find the defendant not guilty of either or both counts. The verdict forms given allowed a finding of guilty of either or both counts or not guilty by reason of mental disease or defect of either or both counts." Defendant claims he was deprived of his fundamental right to trial by jury.

A defendant, while relying on the defense of not guilty by reason of mental disease or defect excluding responsibility, may rely on other defenses. Section 552.030(2). This section also provides in part: "The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the defendant has no other defense and files a written notice to that effect." Here, before trial, the defendant neither withdrew his plea of "not guilty" nor filed a written notice that he had no other defenses. The trial began in that posture.

We believe that defendant abandoned his "not guilty" plea during the course of the trial. The Supreme Court recognized this right to abandon a "not guilty" plea in *State v. Grantham*, 519 S.W.2d 19 (Mo. banc 1975) wherein Judge Morgan speaking for the court stated: "There is no showing that appellant ever abandoned or withdrew his plea of 'not guilty' or filed a written notice that he had no defense other than not guilty by reason of mental disease or defect excluding responsibility." *Id.* at 21. In reaching this conclusion we rely upon the following three principles. First, when a defendant makes a voluntary judicial admission of fact before the jury, such admission serves as a

---

1. From the record, it is evident that "Herman Smith" and "Carter" are one and the same.

substitute for evidence and dispenses with the need to prove actual facts. This admission is conclusive on the defendant for the purposes of that case. *State v. Brooks*, 99 Mo. 137, 12 S.W. 633, 634 (Mo.1889). As a second principle we note that an admission made by an attorney in open court during trial which is against the interests of his clients is presumed to be true and courts are warranted in acting thereon. *State v. Levy*, 262 Mo. 181, 170 S.W. 1114, 1117 (Mo.1914). Finally, we note that a defendant can waive many fundamental rights including the right to trial by jury. *Young v. State*, 473 S.W.2d 390, 392 (Mo.1971).

In light of these principles we examine the following actions of both the defendant and his attorney during trial. The defendant took the stand and admitted his participation in the crime; admitted that he told the police what occurred; admitted that the police's recitation of his statement to them was correct other than he claimed that the robbery was not planned prior to the time he and Carter went to the restaurant. Defendant answered defense attorney's questions: "You wanted to kill him and you didn't think you'd get caught so you killed him? Is that correct?" Answer: "That's correct."

Defendant's attorney made his opening statement after the close of the State's case. He said:

[w]hat you've seen is a horrible crime and the defendant's evidence is going to be another tragic story in itself . . . after you hear the evidence about the background and the problems—mental problems of Vandiver, I'm going to ask you for the only verdict that you can return in this case. It's not guilty by reason of mental disease or defect and a commitment to Fulton State Institution for the Criminally Insane.

During closing argument defense counsel began by saying:

I think in the last few minutes the prosecutor hit on the issue of the case and that is, of course, whether or not Mason Vandiver has mental disease or defect. All of that is not an issue. I am not—because

of that, I'm not saying that this stuff didn't happen. Of course, it happened. This is a horrible thing. If there was only some way to undo it, but it happened and this case that's not the issue.

Mason Vandiver told you that he did that from the witness stand . . . now, if I was standing here telling you that he didn't do it. Well, then, it would all be an issue, all these things. I'm not saying that. The issue is one issue. Are you going to send him to the penitentiary or are you going to send him to the institution for the criminally insane? That's the issue. It's that simple. That's the only issue. . . ."

After discussing the medical testimony he said:

Keep the issue in mind, it's mental disease or defect, that's the issue of this case and your evidence from that was you heard the expert witness, Dr. Hershey, that's your evidence.

During the instruction conference the court submitted the proposed verdict forms to counsel. Defendant's counsel answered, "No objections."

■ After considering defendant's judicial admission as to the details of the commission of the crime; defense counsel's admission as to what the sole issue was in the case; defense counsel's admission that defendant committed the offenses; defense counsel's affirmative statement that he had no objections to the verdict forms; and seeing no other logical defense other than that of mental disease or defect, we find that the trial court did not commit prejudicial error in failing to submit "not guilty" verdict forms to the jury.

■ As defendant's second point, he contends that the trial court erred in refusing his proffered instruction on the voluntariness of his confession: MAI–CR 3.44. He relies on the Notes on Use of MAI–CR 3.44 which state: "1. The instruction must be given if requested either by the state or by the defendant" and he cites *State v. Smith*, 467 S.W.2d 6 (Mo.1971). *Smith* is easily distinguishable from the case at bar be-

cause the defendant in *Smith* failed to take the stand and admit basically the same facts that appeared in the confession. Here, in view of defendant's admissions in open court, which reiterate his confessions, there could be no prejudice to defendant because of the failure of the court to give the proffered instruction on voluntariness of a confession. *State v. Bradford*, 462 S.W.2d 664, 669 (Mo.1971).

Judgment of the trial court is affirmed.

DOWD, P. J., and CRIST, J., concur.