PER CURIAM.
In a non-jury trial, Carrie Mae Cochran was found guilty of one of two counts of aggravated battery. She now brings this appeal on several grounds, the first of which is the denial of her motion to withdraw her waiver of a jury trial.
Upon the advice of counsel, Cochran appeared before the trial judge assigned to this case and waived her right to a trial by jury. This waiver was made June 17, 1978, but on August 4, 1978, because of illness, this particular judge tolled the time period for speedy trial to within three weeks after *969 September 25, 1978, and again on September 29, 1978, he extended this time period through January 3, 1979.
Realizing that this trial judge might not be physically able to hear the case, Cochran, through her counsel, filed a motion to vacate her waiver of jury trial on October 25, 1978. This motion was heard by a different judge on November 6,1978. In denying her motion, the court ruled that, as a matter of law, a change of judges is no basis upon which a withdrawal of waiver may be granted. Still another judge commenced trial of this ease on January 3, 1979.
Thus, the issue is whether a trial judge must allow a defendant to withdraw his waiver of a jury trial if the judge who accepted the waiver is unable to conduct the trial. In resolving this issue, we first refer to the general rule that:
“. . . once validly made, a waiver of jury trial may be withdrawn only in the discretion of the trial court. But the discretion to be exercised by the court in granting or denying such withdrawal is not an unbridled one. It should, in all cases, be exercised liberally in favor of granting to an accused the right to trial by jury.” Floyd v. State, 90 So.2d 105 (Fla.1956)
Here, the motion for withdrawal of waiver was filed and ruled upon approximately two months before the scheduled trial date. There was nothing to indicate an attempt to delay nor was the good faith of the defendant questioned. Further, no inconvenience to the State or the court was suggested, however, the State indicates in its brief that it intended to object but did not do so because the trial court ruled so quickly.
At the motion hearing the trial court quickly terminated defendant’s argument unless authority was produced saying that a change of judges was a basis for withdrawal of the waiver. When defense counsel advised that he knew of no such specific authority, the motion was denied. '
If, in accordance with the general rule stated in Floyd, supra, the court’s discretion is to be exercised liberally, to say that the identity of the particular judge assigned to preside over a trial is immaterial to a defendant’s decision to waive his right to a jury trial is not realistic, and, contrary to jury trials, when an unexpected substitution of a judge takes place in a non-jury trial, the court should consider this fact along with the other facts and circumstances in ruling on a requested withdrawal of the waiver. We think that under the facts and circumstances of this case, Cochran’s motion for withdrawal of her waiver of jury trial should have been granted and that the denial was an abuse of discretion. In so ruling on this point, we need not consider the other issues raised on appeal.
The trial court’s ruling on defendant’s motion to withdraw her waiver of jury trial is reversed, and the case is remanded for a new trial by jury.
Reversed and remanded.