**Robert LYLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31128.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied July 14, 1981.

Joe D. Willerth, Cochran, Kramer, Kapke & Willerth, Independence, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Robert Lyle was convicted of murder in the first degree by the court sitting without a jury. On appeal the conviction was affirmed. *State v. Lyle*, 511 S.W.2d 817 (Mo. 1974). Lyle filed a motion under Rule 27.26 seeking to vacate that conviction. The court overruled the motion and Lyle appeals.

Lyle contends the court erred in finding his confession was voluntary, that

he knowingly waived a jury trial and that his attorney was not ineffective. Affirmed.

Lyle was arrested in Kansas City, Kansas, waived extradition and was brought to Kansas City, Missouri. While in custody, and after consulting with his Kansas attorney, Lyle gave a statement to the Kansas City, Missouri Police admitting that he had killed Joetha Lewis. The sole point in the appeal of his conviction was that his confession was involuntary because it was given in return for a promise that he would receive treatment as a criminal sexual psychopath. The trial court found the confession to be voluntary and that finding was affirmed by the Supreme Court. Thereafter Lyle filed habeas corpus in the Federal District Court where it was held the confession was voluntary. That decision was affirmed on appeal. *Lyle v. Wyrick*, 565 F.2d 529 (8th Cir. 1977). Lyle continues his attack on the voluntary nature of the confession by contending on this appeal that the confession was involuntary because of the unfamiliarity of his Kansas attorney with the Missouri Criminal Sexual Psychopath Law. The Kansas attorney had testified at a motion to suppress the statement that the prosecutor's office had promised Lyle treatment under the Sexual Psychopath Act, however, police officers and two assistant prosecutors all denied any promises were made. The contention by Lyle that he gave the statement only in return for a promise to be treated as a sexual psychopath was the basis for all of his previous attacks on the voluntary nature of his statement and continues to be the sole grounds for his contention that the statement was involuntary.

Lyle's attack on his confession has been before two trial courts, the Missouri Supreme Court and the Eighth Circuit Court of Appeals. All of these courts refused to find his statement to be involuntary. In *Sweazea v. State*, 515 S.W.2d 499, 501[2] (Mo.banc 1974) the court held that the constitutional rights of the defendant were fully protected when the issue raised in a 27.26 had been presented and reviewed by a court on appeal. The court further held that an issue finally decided could not be reopened

and reviewed again simply because a different theory was suggested. Here, the involuntary nature of Lyle's statement has been fully presented and reviewed and this issue has been finally decided against him. That issue may not be reopened in this 27.26 even though a different theory is suggested.

Lyle next contends he waived a jury trial without being advised that the jury would be instructed on lesser included offenses. Aside from all questions of whether or not at the time of his trial the jury would have been instructed on lesser offenses, the fundamental question to be determined is whether or not Lyle knowingly and intelligently waived a jury. *Young v. State*, 473 S.W.2d 390, 393[3, 4] (Mo.1971). Lyle does not contend he did not knowingly and intelligently waive a jury trial and the record would not support a finding that he did not do so. The trial transcript recites Lyle's waiver of a jury trial and further contains a certificate by the trial judge that Lyle appeared in open court and with approval of the court signed a waiver of a jury trial. At the hearing on this 27.26, Lyle's trial counsel stated that he fully discussed the waiver of a jury trial with Lyle and advised him that the jury would have a wide range of sentencing possibilities. The main reason for the jury waiver appeared to be the fear that Lyle might receive the death penalty at the hands of a jury because of the gruesome nature of the crime—the female victim beaten over the head with a hammer and strangled with a toboggan rope. The attorney testified the trial judge had never assessed the death penalty and he did not believe the judge would, but he had fears that the jury might.

Of course, the court hearing the case without a jury was free to make a finding of guilt on a lesser included offense. However, Lyle does not attack the knowing and intelligent nature of the waiver. Absent a contention that the waiver was without knowledge or not intelligently made, the finding of the court to the contrary cannot be held to be clearly erroneous.

Lyle's final point again attacks the voluntary nature of the confession, although phrased in terms of a denial of a fair trial because the State did not proceed against him under the Criminal Sexual Psychopath Act, and because his counsel was ineffective in failing to obtain treatment for him under that Act rather than have him tried under the criminal law. The State did file two petitions under § 202.700, RSMo 1969, but abandoned both petitions. The filing of a petition under the Criminal Sexual Psychopath Act is discretionary with the prosecuting attorney and even after it is filed he may withdraw or abandon it. *State v. Csolak*, 571 S.W.2d 118, 123[7, 8] (Mo.App.1978). Lyle seems to be contending that he had a constitutional right to be the subject of a petition seeking to declare him a sexual psychopath rather than to be prosecuted under the criminal law. This, of course, is not true. Basically, Lyle is still contending that his conviction rested only on an involuntary confession. Any question as to the validity of the confession has been finally laid to rest.

The judgment is affirmed.

All concur.