**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Kimball Leon MORTON,**
**Defendant-Appellant.**

**No. 12808.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 1983.

Application to Transfer Denied
June 30, 1983.

John D. Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ty Gaither, Public Defender, Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of armed robbery following nonjury trial and sentenced to eighteen years imprisonment. He contends that the trial court abused its discretion in not allowing him a jury trial after he had filed a motion to withdraw his waiver of jury trial.

■ A defendant may waive trial by jury, Rule 27.01(b); *State v. Vandiver*, 592 S.W.2d 304, 306 (Mo.App.1979), if knowingly and intelligently done. *Lyle v. State*, 617

S.W.2d 403, 405 (Mo.App.1981). The record reflects that defendant knowingly and intelligently waived that right and he does not claim otherwise.

Defendant contends that his "motion to withdraw his waiver of trial by jury was timely made and that the orderly administration of justice would not have been affected by providing a trial by jury" and the trial court's ruling violated his constitutional right to have a jury trial "especially . . . in light of the fact that the State filed an Amended Felony Information on May 4, 1982." He also contends that because his trial counsel disagreed with his previously appointed counsel on whether a jury was desirable "[t]he refusal to allow the withdrawal of the waiver of the trial by jury denies the defendant the opportunity to consult with his new attorney".

Although we find no Missouri cases in point, it appears to be the consensus of the courts elsewhere that an accused does not have a constitutional right to withdraw a valid jury trial waiver, *State v. Ellis*, 598 S.W.2d 826, 827 (Tenn.Cr.App.1980); *Perry v. State*, 401 N.E.2d 705, 707 (Ind.App. 1980); *Sharpe v. State*, 174 Ind.App. 652, 369 N.E.2d 683, 688 (1977), and that whether that waiver may be withdrawn is discretionary with the trial court. See Annot., Withdrawal of waiver of right to jury trial in criminal case, 46 A.L.R.2d 919, 920 (1956), and Later Case Service.

On January 22, 1982, defendant, then represented by other counsel, filed a written waiver of trial by jury. A hearing was held on it and the trial court found that the waiver was voluntarily made, with full understanding of the nature and consequences thereof, and accepted the waiver. The case was removed from the February 1, 1982 jury trial docket and set for April 16, 1982. On April 6, 1982, defendant's counsel filed a motion asking to withdraw. At a hearing on April 7, 1982, defendant agreed with the withdrawal and new counsel was appointed to represent defendant. On April 9, 1982, defendant's new attorney asked for a continuance to have more time to prepare for trial and the judge set the case for May 13, 1982. On April 16, 1982, defendant filed a motion to withdraw his waiver of trial by jury. A hearing on that motion was held on April 23, 1982, and the trial court denied it. On May 4, 1982, the prosecuting attorney amended the information to charge that defendant was a persistent offender. No other changes were made in the information. The trial occurred on May 13, 1982.

█ The amendment to the information did not affect the waiver. An amendment to allege that the defendant was a persistent offender is not an additional charge and whether guilt is determined by a judge or jury, determining the sentence of a persistent offender is for the judge. *State v. Walker*, 629 S.W.2d 558, 560 (Mo.App.1981).

Waiving his right to a jury does not mean that defendant has thereafter lost the right to consult with his counsel. Many times constitutional rights are waived prior to counsel being employed or appointed, and counsel may have disagreed with that waiver. If the waiver is voluntarily made that does not prevent the waiver from being effective nor affect defendant's right to counsel.

Defendant relies primarily on *State v. Catanese*, 385 So.2d 235 (La.1980), describing it as the "case probably most directly on point with the factual situation of the instant case". There the court found that because the defendant moved to reinstate his right to jury trial before the case was set for trial, trial was not commenced for approximately one and one-half months after his motion was denied, and no prejudice to the state would have resulted from reinstatement, the trial court abused its discretion in denying defendant's motion. The facts there are different from those here.

Here trial was set before defendant's motion was filed and commenced less than a month from the time that defendant sought to set aside his waiver and, as the trial court noted, it was obligated under § 545.-780, RSMo 1978, with certain excusable delays, to commence trial within 180 days of defendant's arraignment. Defendant was arraigned on November 6, 1981. Although

the period resulting from Defendant's request for a continuance is excluded under § 545.780.3(5)(a), the record reflects that if trial would have been rescheduled during a regular jury trial week, it would have occurred more than 180 days from arraignment.

■ The principle recognized in *Catanese* and other cases, see Annot., supra, 46 A.L. R.2d at 920, that if an accused's application for withdrawal of waiver of jury trial is made so as not to substantially delay the trial or impede the courts, the trial court should allow the waiver to be withdrawn, is not applicable here. Removing a case from a jury trial, rescheduling it, and then rescheduling it back for jury trial would obviously disrupt the trial court's scheduling of other matters and delay not only this trial, but others. The trial court should not be required to call a special jury because defendant changed his mind.

When a trial would be delayed for at least a month if a defendant's motion to withdraw a waiver of jury trial was granted, and the defendant gave no specific reason for wanting to withdraw his waiver, the trial court's refusal to allow the withdrawal was not an abuse of discretion. *State v. Daigle*, 220 Kan. 639, 556 P.2d 400, 403–404 (1976), cert. den. 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977).

Although courts have recognized that certain factors may make the refusal to set aside a jury trial waiver an abuse of discretion, as when the original charge was defective, the charge was amended and then an offense stated, see *People v. Simpson*, 74 Ill.App.3d 531, 30 Ill.Dec. 704, 393 N.E.2d 740 (1979), or when the judge who accepted the waiver would be unable because of illness to conduct the trial, see *Cochran v. State*, 383 So.2d 968 (Fla.App.1980), no similar facts are present. We find no abuse of discretion in the trial court's ruling here.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.