**STATE of Missouri, Respondent,**

v.

**Robert Michael PATRICK, Appellant.**

**No. 17201.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 18, 1991.

Ted M. Henson, Jr. (on brief), Daniel T. Moore, Poplar Bluff (argued), for appellant.

No appearance for respondent.

CROW, Judge.

This case reaches us on appeal after a comedic sojourn in the trial court.

On March 1, 1990, a two-count information was filed against Robert Michael Patrick ("defendant"). Count I alleged defendant committed the class A misdemeanor of possession of marijuana on or about January 20, 1990, in violation of "Section 195.202.3, RSMo." Count II alleged defendant committed the class B misdemeanor of possession, with intent to use, drug paraphernalia on or about the same date, in violation of "Section 195.020, RSMo."

Evidently, it escaped everyone's attention in the trial court that § 195.020—the statute defendant was accused of violating in Count II—was repealed August 28, 1989, by C.C.S.H.C.S.S.C.S.S.B. 215 and 58, Laws of Missouri 1989, pp. 597–641. That legislation, the "Comprehensive Drug Control Act of 1989," included a new statute, § 195.233, stating:

"1. It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia....

2. A person who violates this section is guilty of a class A misdemeanor."

Obviously, if defendant possessed drug paraphernalia with intent to use it on or about January 20, 1990, he committed a class A misdemeanor in violation of § 195.-233, RSMo Cum.Supp.1989, not a class B misdemeanor in violation of § 195.020, RSMo 1986.

That inauspicious beginning foreshadowed future contretemps.

The trial court's docket sheet shows:

"6–28–90   Attys in person—set for trial to Court 8–9–90 1:00 pm

8–9–90   Attys in person—set for trial to Court 9–13–90 1:00 pm

9–12–90   Continue at def's request to 9–17–90 1:00 pm"

On September 17, 1990, defendant appeared in the trial court with his lawyer.[1] The docket entry that date begins:

"Count II dismissed by Prosecutor—as to Count I, Prosecutor and def. announce the def. will enter a guilty plea...."

The trial court queried defendant on various subjects, including his understanding of the nature of the charge, range of punishment, sundry constitutional rights, voluntariness of the plea, and factual basis for it. The court then accepted the plea and asked defendant to "relinquish his driver's license." According to the docket entry,[2] defendant stated he did not know he would lose his license. The docket entry continued:

"[Defendant is] granted leave to withdraw plea and proceed with trial as witnesses were subpoenaed, present in Court and State advises it is ready to

proceed with previously scheduled bench trial at this time as def. has withdrawn guilty plea."

Defendant's lawyer immediately filed a handwritten document styled "Request for Jury Trial," reading:

"Comes the defendant and requests a trial by jury in this case."

At that juncture, the trial court's docket entry continued:

"[A]s the matter had been set for trial to the Court on three previous dates and continued for bench trial at least on two occassion [sic] the Court finds that the def. has waived his right to jury trial and the present request is untimely and only being made in order to further delay this action due to the def's dissatisfaction with the possibility of loosing [sic] his license for a year; Prosecutor withdraws the dismissal of Count I[3] and the State announces ready to proceed with bench trial on both Counts I and II. The def's Atty. announces that they will not participate in the bench trial and are standing on the def's request for jury trial. The Court proceeds to hear testimony and accept evidence. The Prosecutor dismisses Count I during trial; at the close of the evidence the def. is found guilty on Count II...."

Defendant's lawyer filed a timely motion for new trial, assigning error in the denial of defendant's request for jury trial.

On October 18, 1990, defendant reappeared in the trial court with his lawyer. The trial court denied the motion for new trial and sentenced defendant to three months in jail "on the conviction of the class B[4] misdemeanor of possession of drug paraphenalia [sic]." This appeal followed.

1. The lawyer now representing defendant is not the lawyer who represented him in the trial court.

2. No transcript of the September 17, 1990, proceeding is included in the record on appeal.

3. An attentive reader will recall that according to the first recital in the docket entry of September 17, 1990, it was Count II that was dismissed,

not Count I! The announcement was that defendant would enter a plea of guilty to Count I.

4. As noted earlier, if defendant, on or about January 20, 1990, possessed drug paraphernalia with intent to use it, he was guilty of a class A misdemeanor. § 195.233, RSMo Cum.Supp. 1989.

Defendant's sole point relied on—the only issue we decide—reads:

"The trial court erred in denying [defendant] a jury trial because he was entitled to a jury trial on these misdemeanor charges as a matter of right and because [defendant] did not waive his right to a jury trial even though his attorney did agree on two occasions to set this case 'for trial to court.'"

Mo.Const. Art. I, § 22(a) (1945), reads:

"... in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury."

Section 543.200, RSMo 1986, part of a chapter entitled "Proceedings in Misdemeanor and Infraction Cases," reads:

"After the plea of the defendant has been entered, if he plead not guilty, the defendant ... may demand a jury; but if no jury be demanded, the case may be tried by the associate circuit judge. In the event a jury trial is requested, the associate circuit judge shall certify the case for assignment and the cause shall be assigned for a trial upon the record in the same manner as provided for civil cases in section 517.520, RSMo."

Section 546.050, RSMo 1986, reads:

"... the defendant and prosecuting attorney, with the assent of the court, may submit the trial of misdemeanors to the court, whose finding in all such offenses shall have the force and effect of the verdict of a jury."

Rule 27.01, Missouri Rules of Criminal Procedure (1990), reads:

"(a) All issues of fact in any criminal case shall be tried by a jury ... unless trial by jury be waived as provided in this Rule.

(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record."

In *State v. McClinton*, 418 S.W.2d 55 (Mo. banc 1967), the Supreme Court of Missouri traced the history of the right to jury trial in misdemeanor cases, pointing out that prior to January 1, 1953, the effective date of former Rule 26.01 (predecessor of present Rule 27.01), an accused's waiver of jury in a misdemeanor case was not required to be entered of record and the absence of such an entry would not create a presumption that the court proceeded irregularly. 418 S.W.2d at 60.

While *McClinton* is interesting legal history, it does not govern the instant appeal. Here, defendant unequivocally requested a jury in writing prior to the start of the trial. Up to that point, nothing constituting a jury waiver had occurred unless (a) defendant's failure to request a jury prior to tendering his guilty plea constituted a waiver, or (b) the guilty plea itself—subsequently withdrawn—constituted a waiver.

■ Nowhere in the constitution, statutes, rules or reported cases do we find a deadline for an accused to demand a jury trial in a misdemeanor case. There is, as one would expect, authority that where an accused makes no request for a jury trial and proceeds to trial without a jury, he cannot successfully claim on appeal that his right to a jury trial was abridged. *State v. Farmer*, 548 S.W.2d 202, 205–06 (Mo.App.1977).

■ However, we have found no authority[5] supporting the trial court's conclusion that the implicit agreement of defendant's lawyer to the settings "for trial to Court" constituted a waiver of jury by defendant. Apparently, defendant and his lawyer anticipated the case would end in a guilty plea, making a trial unnecessary. However, nothing in the record indicates defendant ever decided he would waive jury if the case ended up being tried. Certainly, defendant never manifested any such waiver to the trial court.

---

5. The State failed to file a brief.

We hold the record is insufficient to support a finding that defendant waived trial by jury prior to tendering his guilty plea.

■ We likewise hold the guilty plea itself did not result in a waiver of trial by jury. While it is firmly established that a plea of guilty waives several constitutional rights including the right to trial by jury, *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171[6], 22 L.Ed.2d 418 (1969), the trial court in the instant case allowed defendant to withdraw his guilty plea. The effect of the withdrawal was to restore defendant to the position he occupied prior to entering such plea. *State v. Begley*, 534 S.W.2d 632, 635[6] (Mo.App. 1976).

■ Defendant does not seek outright reversal, but only reversal and remand with a directive that the trial court grant him a jury trial. He is entitled to that relief. *Cf. State v. Sharp*, 533 S.W.2d 601, 606 (Mo. banc 1976).

In so deciding, we are not oblivious of the havoc a last-minute request for jury trial can cause in the scheduling and disposition of cases in overloaded trial courts. However, had the trial court here obtained a valid waiver of jury trial from defendant at an earlier date, it is likely matters would not have turned out as they did. *See: State v. Morton*, 648 S.W.2d 642 (Mo.App. 1983), where a trial court accepted a valid waiver of jury trial by an accused who subsequently moved to withdraw it. The trial court's denial of such motion was upheld on appeal. The opinion noted removing a case from a jury trial docket, rescheduling it for non-jury trial, and rescheduling it again for jury trial would obviously disrupt a trial court's scheduling of other matters and delay not only the subject trial, but others. *Id.* at 644.

Here, unlike *Morton*, there was never a valid waiver of jury trial by defendant.

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PREWITT, P.J., and PARRISH, J., concur.