**STATE of Missouri, Plaintiff–Respondent,**

v.

**Daryll L. CARTER, Defendant–Appellant.**

**No. 25021.**

Missouri Court of Appeals,
Southern District,
Division One.

April 11, 2003.

---

**414**

Ellen H. Flottman, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Daryll L. Carter ("Appellant") was convicted, following a bench trial, of one count of robbery in the first degree, a violation of Section 569.020.[1] The trial court sentenced him, as a prior and persistent offender,[2] to twenty years imprisonment.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Viewed in a light most favorable to the judgment, the evidence revealed the following: On April 26, 2000, at approximately 11:45 P.M., David Hutson left his apartment in Springfield, Missouri to walk to his girlfriend's nearby apartment. Hutson's route took him down a dark, narrow alley behind his apartment building.

Before Hutson reached his destination, Appellant entered the alley behind Hutson, driving a van occupied by at least two other people. Appellant turned off the van's headlights as he approached Hutson from behind. Hudson pressed himself against one of the fences lining the alley to allow the van to pass. As the van passed Hutson, Appellant turned the van sharply to one side, pinning Hutson against the fence.

Appellant and the van's front seat passenger immediately pointed two BB guns out of the driver side window and Appellant said to Hutson, "Give me all your money, m——r f——r, or we're going to blast you." Believing the BB guns to be real, Hutson gave Appellant his wallet, which contained two five-dollar bills. Appellant told Hutson, "You better come up with more than this or we're going to blast you." Hutson offered to take Appellant and his cohort to an ATM machine and "empty it," but Appellant instead held the wallet momentarily, threw it to the ground, and drove away.

Shortly thereafter, Appellant and another man entered the Brown Derby liquor store located about a block from the robbery scene. Appellant, who had only a birth certificate for identification, was refused service. His companion, who was known to the clerk, purchased a bottle of E & J Brandy with a five-dollar bill handed to him by Appellant.

Meanwhile, Hutson, who had taken note of the van's license plate number, went to

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

2. Sections 558.016 and 557.036.

his girlfriend's apartment and called the police. Several minutes after receiving a description of the van and its front seat passengers from Hutson, Springfield police officers stopped the van a few blocks from where Hutson had been robbed. At a "show up" conducted approximately ten minutes later, Hutson identified Appellant and another man as the two men who had robbed him. A search of the van produced a bottle of E & J Brandy and two BB guns.

At trial, Appellant claimed he and his companions were merely "joking" with Hutson and that they did not rob him. He admitted to having pointed the BB gun at Hutson, but claimed he only meant to scare him and that Hutson laughed when he realized Appellant and his companions were just joking. The trial court found Appellant guilty of robbery in the first degree and sentenced him, at a later hearing, as indicated above.

On this appeal, Appellant alleges in his sole point that the trial court abused its discretion when it denied his request to withdraw a previous waiver of his right to a jury trial "in that, since no adverse consequences would have resulted from the withdrawal, the trial court's refusal was arbitrary and capricious."

Appellant filed a waiver of jury trial in the trial court on May 3, 2001. Rule 27.01(b)[3] allows for such waiver of the constitutional right to jury trial in felony cases, with the qualification that "such waiver ... shall be made in open court and entered of record." This latter proviso is meant to ensure that the waiver is voluntarily, knowingly and intelligently made. *See Luster v. State*, 10 S.W.3d 205, 210 (Mo.App. W.D.2000) (citing *State v. Sharp*, 533 S.W.2d 601, 605 (Mo. banc 1976)). To that end, on May 4, 2001, the trial court queried Appellant in open court concerning his waiver of his right to jury trial and found, on the basis of Appellant's answers, that the waiver was freely, voluntarily and intelligently made. The court set the case for bench trial on August 30, 2001.

On August 14, 2001, the second of two public defenders to represent Appellant entered his appearance in the trial court. At the same time, he moved the court for a reduction of bond, a continuance, and to withdraw Appellant's waiver of jury trial. The State filed suggestions in opposition to Appellant's motions for bond reduction and withdrawal of jury trial waiver on August 16, 2001.

On August 17, 2001, the trial court heard argument on Appellant's bond reduction motion, which was denied. The court also granted Appellant's motion for a continuance until December 5, 2001. No argument was heard and no decision rendered by the trial court concerning Appellant's motion to withdraw his prior waiver of jury trial. Indeed, nowhere in the record before us is there any indication the trial court ever expressly ruled on that motion.

On August 21, 2001, Appellant's attorney contacted the trial court to request the "bench trial" be reset to its original trial date of August 30, 2001. That request was granted. On August 29, 2001, a pre-trial hearing was held during which the State requested a continuance to secure the presence of a witness for trial. The court granted the request, over Appellant's objection, setting the case for bench trial on September 12, 2001 with a backup date of October 1, 2001. The same day as the hearing, the court made a docket entry setting the bench trial for November 26, 2001. At no time during the appearances in court concerning these scheduling issues

---

**3.** References to rules are to Missouri Rules of Criminal Procedure (2002) unless otherwise

indicated.

did Appellant raise the issue of his motion to withdraw his jury trial waiver.

At the outset of the November 26, 2001 bench trial, the following exchange occurred:

THE COURT: We're here for bench trial. [Appellant] had waived his right to a jury trial previously in this case and it's been set for bench trial on this date.

[Prosecutor], is the state ready to proceed?

[PROSECUTOR]: Yes, sir.

THE COURT: [Defense counsel], is the defense ready to proceed?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: I show that [Appellant] waived his right to a jury trial on May 4, 2001, so [Prosecutor], you may proceed.

. . . .

[DEFENSE COUNSEL]: Your Honor, a question, just point [sic] of inquiry. I noticed in reviewing the file that there had been some pretrial motions that were filed to suppress identification and I believe motions to suppress evidence. Have those been ruled on, to your knowledge?

[PROSECUTOR]: I don't believe so. I assumed we were taking the motions to suppress up with the evidence.

[DEFENSE COUNSEL]: That's fine. I just wanted to make sure there had not been a hearing previous [sic]. And if that is the case, we can just take them with the case, I would suppose, Judge.

[PROSECUTOR]: I believe it was set several times but never taken up.

THE COURT: I only show—

[PROSECUTOR]: I think it's only [sic] motion to suppress ID.

THE COURT: Motion to suppress the ID looks like it's going to be taken up at the time of the trial, is my docket entry. So okay. I'll take that up with the evidence in the trial.

Anything else, [Defense counsel]?

[DEFENSE COUNSEL]: No, sir.

. . . .

[PROSECUTOR]: I believe that's all the pretrial matters.

[DEFENSE COUNSEL]: (Nods head.)

At no time during these proceedings did Appellant raise the issue of his motion to withdraw his jury trial waiver.

■ In sum, our review of the record on appeal reveals no basis for finding the trial court abused its discretion in "refusing to allow [Appellant] to withdraw his jury trial waiver" for the simple reason that no such refusal appears to have occurred. No such ruling appears in the only portion of the record to which Appellant cites us in support of his contention that his motion was denied, namely, the court's docket sheet entry,[4] and we have not found such evidence elsewhere. We are left, then, with a request to convict a trial court of an error it did not commit, which we cannot do. *State v. McCullum,* 63 S.W.3d 242, 260 (Mo.App. S.D.2001). Were we to entertain such a claim, our treatment of it would be tantamount to an advisory opinion, the rendering of which is to be avoided by an appellate court. *State v. Oakes,* 84 S.W.3d 562, 564 (Mo.App. S.D.2002) ("Appellate courts do not render advisory opinions nor decide nonexistent issues."). Notwithstanding the State's well-reasoned argument that Appellant waived any statutory or constitutional protection of his right to a jury trial by his failure to resist,

---

**4.** In failing to accurately "identify the trial court ruling or action that [Appellant] challenges" in his point, as required by Rule 84.04(d)(1)(A), Appellant arguably failed to preserve his point for our review.

post-motion, the commencement of a bench trial,[5] we need not reach that contention, given the aforementioned infirmity of Appellant's argument.[6] Appellant's point is denied.

█ Finally, we note that the record contains a written judgment form erroneously stating that the trial court adjudged Appellant to be a prior offender when, as we have noted, the record indicates he was found to be both a prior and a persistent offender. The failure to memorialize accurately the judgment of the trial judge as it was announced in open court was clearly a clerical error. Rule 29.12(c) permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission. *See, e.g., State v. Box,* 956 S.W.2d 460, 463 (Mo.App. S.D. 1997). We remand this case, therefore, with instructions to the trial court to enter an amended judgment reflecting the finding as it was announced in open court.

The judgment of the trial court finding Appellant guilty of first degree robbery and sentencing him is affirmed. The case is remanded for entry of an amended judgment consistent with this opinion.

MONTGOMERY, P.J., and BARNEY, J., concur.

█

---

**5.** *See State v. Bradshaw,* 81 S.W.3d 14, 28 (Mo.App. W.D.2002) (defendant "may expressly or by acts and conduct waive statutory and constitutional provisions conferred for his protection").

**6.** We are mindful as well of our holding in *State v. Morton,* 648 S.W.2d 642 (Mo.App. S.D.1983), where we stated that "[w]hen a trial would be delayed for at least a month if a defendant's motion to withdraw a waiver of jury trial was granted, and the defendant gave no specific reason for wanting to withdraw

his waiver, the trial court's refusal to allow the withdrawal was not an abuse of discretion." *Id.* at 644. We noted in that case that there exists no constitutional right to withdraw a waiver of jury trial. *Id.* at 643. While the procedural facts in *Morton* are substantially analogous to those before us, we need not rely upon the holding in *Morton,* in that the trial court in that case expressly denied the defendant's request to withdraw his jury trial waiver, while the record here is bereft of any such appealable ruling.