**STATE of Missouri, Respondent,**

v.

**Germaine D. CLAY, Appellant.**

**No. 60736.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1993.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant Germaine D. Clay (Defendant) appeals from a conviction for possession of a controlled substance. Defendant was sentenced to three years' imprisonment and fined $2,000. We affirm.

On December 7, 1989, while on routine patrol, Patrolman Doug Hargate observed Defendant's yellow car traveling in excess of 45 miles per hour in a 35 mile per hour zone. Patrolman stopped Defendant. Patrolman contacted the police dispatcher by radio and gave his location and a description of Defendant's vehicle and license plates. The dispatcher responded that a Kevin Kelly and a Darryl Collins, two persons associated with the vehicle's license plates, were wanted by the St. Louis police. The dispatcher also reported the vehicle's license plates were supposed to be attached to a Dodge. Instead, the plates were displayed on a Chevy Chevette.

Patrolman approached Defendant's vehicle, asked him to exit from the passenger side, and to produce a driver's license. Defendant stated he had no driver's license. Patrolman then asked for other sources of identification. Defendant produced a University City High School identification which somewhat resembled Defendant. Patrolman was particularly concerned about Defendant's identity at this time because he did not know whether Defendant was one of the persons wanted by the police department. Patrolman asked Defendant for further proof of his identity. After Defendant was unable to find any, patrolman informed him that he was under arrest for speeding, for driving an improperly registered vehicle, and for driving without a license.

After his arrest, Defendant was placed in handcuffs and watched by another police officer while patrolman searched his vehicle. Nothing was found. Defendant was then patted down "for weapons and contraband" by patrolman. Patrolman found eight pieces of crack cocaine wrapped in foil inside Defendant's jacket pocket and informed him that he was under arrest for possession of cocaine with the intent to distribute.

Approximately an hour and forty-five minutes after Defendant was booked and placed in a cell, he asked to speak to patrolman. Defendant told patrolman he had a bad drug problem, was a member of the "Blood" gang in Los Angeles, and that he dealt drugs for a man named Calpall in University City.

Defendant complains about the overruling of his motion to suppress the cocaine seized and its admission into evidence.

Defendant has alleged that search of Defendant and the subsequent seizure of cocaine from his jacket was unlawful because (1) the seizure was the result of a search which exceeded the scope permitted under Terry v. Ohio, 392 U.S. 1, 29–30, 88 S.Ct. 1868, 1884–85, 20 L.Ed.2d 889 (1968); and (2) the search was incident to a pretextual arrest.

The cocaine was lawfully seized and the search of Defendant was not inci-

dent to a pretextual arrest. A lawful arrest justifies a warrantless search of the arrestee for either weapons or evidence. Such search is constitutionally permissible. *State v. Morr*, 811 S.W.2d 794, 798[11] (Mo.App.1991); *State v. Hudson*, 793 S.W.2d 872, 881[13] (Mo.App.1990). Patrolman had a right to stop and detain Defendant. The traffic offense was committed in the presence of patrolman and gave him the right to arrest Defendant. Thus, patrolman had a right to search Defendant incident to the lawful arrest. *State v. Blair*, 691 S.W.2d 259, 263[5] (Mo. banc 1985), *cert. granted*, 474 U.S. 1049, 106 S.Ct. 784, 88 L.Ed.2d 762 (1986), *cert. dismissed*, 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987). Point denied.

■ Defendant contends the trial court committed plain error in admitting Defendant's statement that he used to be a member of the "Blood" gang in Los Angeles. We decline to review under plain error. Rule 30.20. We find no injustice or miscarriage of justice involved. *State v. Koonce*, 731 S.W.2d 431, 442 (Mo.App.1987).

■ Finally Defendant contends the trial court erred in giving a reasonable doubt instruction patterned after MAI–CR3d 302.04 because the definition of reasonable doubt in that instruction "allowed the jury to find [Defendant] guilty based on a degree of proof that was below that required by the due process clause."

The reasonable doubt instruction has been challenged repeatedly under this same theory, and it has been upheld repeatedly. *State v. Twenter*, 818 S.W.2d 628, 634[16] (Mo. banc 1991). "These cases of recent origin firmly establish that the instruction complained of does not violate constitutional standards by decreasing the state's burden of proof." *Id.* Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.