**STATE of Missouri, Respondent,**

v.

**Gregory A. ESQUIVEL, Appellant.**

**No. WD 55459.**

Missouri Court of Appeals,
Western District.

March 2, 1999.

Randall Brown Johnston, Columbia, for appellant.

Daniel Follett, Attorney General Office, Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Gregory Esquivel appeals the circuit court's judgment convicting him of two counts of possessing a controlled substance, a Class C felony. Esquivel contends that the circuit court erred in denying his motion to suppress because the evidence was seized in violation of § 544.193, RSMo 1994, and in violation of the "plain feel" doctrine. We affirm the circuit court's judgment.

Esquivel does not dispute the sufficiency of the evidence. The evidence at the suppression hearing established that on March 3, 1996, Lieutenant William Chapman, a Sedalia police officer, arrested Esquivel for driving an automobile without a valid driving license. Authorities had revoked Esquivel's driving license. Pursuant to Chapman's taking Esquivel into custody, Chapman performed a "pat down" search of Esquivel and felt an object in the front waistband of Esquivel's jogging pants. Chapman could not discern what the object was, other than it was a cylinder with hard and soft sections. Chapman removed the object from Esquivel's waistband. It was a rolled-up, clear plastic bag containing LSD and methamphetamine.

Esquivel waived his right to a jury trial. The case was submitted on the facts established at the suppression hearing. The circuit court found Esquivel guilty of two counts of possessing a controlled substance and sentenced him as a prior offender to two concurrent five-year prison terms. Esquivel appeals.

Our review of a circuit court's ruling on a motion to suppress is limited to determining whether the evidence was sufficient to support the circuit court's ruling. *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo. banc 1990). We consider the facts and any reasonable inferences arising from them in a light favorable to the circuit court's denial of the motion to suppress. *State v. Blankenship,* 830 S.W.2d 1, 14 (Mo. banc 1992). We disregard any evidence or inferences contrary to the court's decision. *State v. Hutchinson,* 796 S.W.2d 100, 104 (Mo.App.1990).

Esquivel contends that Chapman's seizing the plastic bag violated § 544.193.2, which says:

No person arrested or detained for a traffic offense or an offense which does not constitute a felony may be subject to a strip search ... by any law enforcement officer or employee unless there is probable cause to believe that such person is concealing a weapon, evidence of the commission of a crime or contraband.

He argues that this statute required the circuit court to grant his motion to suppress because Chapman's search amounted to a "strip search" and because Chapman did not have probable cause to believe that Esquivel was concealing a weapon, evidence of a crime, or contraband. We disagree that the

search was a "strip search" as defined by § 544.193.1(2).

Section 544.193.1(2) defines "strip search" as the removal or rearrangement of a person's clothing "so as to permit" inspection of the person's genitals, buttocks, anus, breasts or undergarments. Chapman's search did not satisfy this definition.

The drugs which Chapman seized from Esquivel were in a rolled-up plastic bag and tucked under the waistband of Esquivel's jogging pants. Chapman discovered the bag by performing a routine "pat down" after he arrested Esquivel. When Chapman felt the object in Esquivel's waistband, he simply reached in and pulled it out. Chapman did not remove or rearrange Esquivel's clothing "so as to permit"—that is, for the purpose of conducting—a visual or manual inspection of Esquivel's genitals, buttocks, anus, breasts or undergarments.

▆▆▆ Moreover, the exclusionary rule, embodied within the Fourth Amendment[1] to the United States Constitution and made applicable to the states through the Fourteenth Amendment,[2] is the source of a remedy for an unlawful search and seizure. *Willis v. State,* 630 S.W.2d 229, 233–34 (Mo.App.1982). Esquivel's point relied on does not allege that his rights guaranteed by the Fourth Amendment rights were infringed by Chapman's search. Instead, he argues that Chapman's purported violation of § 544.193 mandates suppression of the drugs found by Chapman. He is mistaken.

The General Assembly did not mandate the exclusion of evidence in a criminal suit for a violation of § 544.193. Section 544.195.2, RSMo 1994, provides that a person who suffers actual damages as a result of a violation of § 544.193 may initiate a private civil action to recover damages, but it does not mandate suppression of the evidence.

▆▆▆ Esquivel also contends that the circuit court erred in denying his motion to suppress because the evidence was seized in violation of the "plain feel" doctrine. We disagree.

In *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the United States Supreme Court enunciated the "plain feel" exception to the warrant requirement. The court held that, in an investigative stop situation, if "a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified[.]"[3] *Id.* at 375–76, 113 S.Ct. 2130. Esquivel argues that, because Chapman testified that when he felt the object in Esquivel's jogging pants he "could not tell what it was," Chapman had no authority to search further to determine what the object was because he lacked probable cause to believe the object was contraband or a weapon.

Esquivel acknowledges that police officers have a right to search an individual as an incidence of arrest, but he urges this court to place limits on a police officer's authority to search when they are making a lawful arrest for a traffic offense. He asserts that we should apply the "plain feel" doctrine in cases such as his. We decline Esquivel's suggestion.

▆▆▆ A search which is incidental to a lawful arrest is proper even if the arrest is for a traffic violation. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). When Chapman found that Esquivel

1. Mo. CONST. art. I, § 15 (1945), provides the same guarantees against unreasonable search and seizures as the Fourth Amendment. "Thus, any analysis of search and seizure questions under the Fourth Amendment is identical to search and seizure questions arising under Missouri law." *State v. Damask,* 936 S.W.2d 565, 570 (Mo. banc 1996).

2. 2*See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

3. In *State v. Rushing,* 935 S.W.2d 30 (1996), *cert. denied,* 520 U.S. 1220, 117 S.Ct. 1713, 137 L.Ed.2d 837 (1997), the Supreme Court also recognized that, during a valid investigative stop, a police officer may pat a suspect's outer clothing to search for weapons and may seize any item which is apparently contraband. Esquivel's case, however, did not involve an investigative stop because Esquivel was under arrest for driving without a valid driving license.

was driving without a valid license, he had probable cause to arrest Esquivel. The search, therefore, was incidental to Esquivel's arrest and was legal. *See State v. Poindexter*, 941 S.W.2d 533, 535–36 (Mo.App. 1997) (search incident to arrest revealed marijuana in defendant's coat pocket, $704 in small denominations of bills, and two plastic bags containing several small, empty bags); *State v. Clay*, 845 S.W.2d 97, 98–99 (Mo.App. 1993) (search incident to arrest revealed cocaine in defendant's jacket pocket). A lawful arrest establishes authority for an officer to search. "[I]n the case of a lawful custodial arrest a *full search* of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *Robinson*, 414 U.S. at 235, 94 S.Ct. 467 (emphasis added). Esquivel's contention is without merit.

We affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA BRECKENRIDGE, Chief Judge, concur.