STATE of Missouri, Respondent,

v.

Lonnie J. MOORE, Jr., Appellant.

No. 24858.

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 2003.

Ellen H. Flottman, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Lonnie J. Moore, Jr., ("Appellant") appeals his conviction and sentence after a jury trial for possession of cocaine with intent to distribute, § 195.211.[1] The Circuit Court of Greene County sentenced Appellant to ten years of imprisonment. Point One, of Appellant's two points of trial court error, is dispositive of this appeal. The judgment of conviction and sentence of the trial court is reversed.

The record shows that on November 10, 1999, at approximately 8 p.m., the Springfield Police Department sent a team of officers to an apartment building to execute a search warrant at the residence of Freddie Jackson. The warrant authorized the officers to search for drugs at that residence. Officers were informed that a Mr. Jackson lived in the apartment along with his girlfriend and Appellant. The officers were given information showing that Appellant was a large black man in his late twenties. The officers were also informed that Mr. Jackson and Appellant had been seen with guns.

As Officers Kirk Manlove and Mike Wray were securing the back side of the apartment building, according to Officer Manlove, they saw Appellant run from the south entrance of the building. The officers identified themselves and ordered Appellant to stop. Although he stopped running, Appellant continued walking as if he hadn't heard the officers. The officers followed Appellant and detained him.

When asked why he didn't stop, Appellant did not answer.

Officer Manlove testified that because the man running out of the building matched the description of one of the men the officers were looking for, and because Appellant failed to stop as the officers instructed him, Officer Manlove believed there was "sufficient weapon information" to pat him down.

In patting down Appellant for weapons, Officer Manlove testified that Officer Wray located an object in Appellant's sock. Officer Manlove observed Officer Wray remove a plastic baggie from Appellant's left sock. The baggie contained a large rock of what appeared to Officer Manlove to be crack cocaine. The rock was seized and given to Sergeant Troy Smith and was later taken to the crime lab for testing. Testing confirmed that the baggie contained 2.75 grams of cocaine base.

Appellant was then taken into custody, read his *Miranda*[2] warnings, and was subsequently interviewed by Sergeant Smith. Appellant was charged by information with possession of a controlled substance with intent to distribute.

Prior to trial, Appellant moved to suppress the rock of crack cocaine seized when Officer Wray searched him. On January 8, 2002, a hearing was held on the motion to suppress. The trial court subsequently denied Appellant's motion. The case proceeded to trial where the seized contraband was received into evidence, and the jury found Appellant guilty as charged.

In the point under review, Appellant contends the trial court clearly erred in overruling his motion to suppress the rock

---

1. All statutory references are to RSMo 2000, unless otherwise specified.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

of crack cocaine. He maintains the State failed to meet its burden of proof that the incriminating nature of the crack cocaine was immediately apparent to the officer who patted him down for weapons. He argues the search could not be sustained under the "plain feel" doctrine. Specifically, Appellant asserts that his Fourth Amendment right to be free from unreasonable searches and seizures was violated because the State failed to show that Officer Wray felt an object in Appellant's sock whose contour or mass made its identity as contraband immediately apparent.[3]

"Review of the trial court's denial of Defendant's motion to suppress is based upon the whole record and the totality of the circumstances surrounding its decision and we will affirm the ruling if it is supported by substantial evidence." *State v. Potter*, 72 S.W.3d 307, 313 (Mo. App.2002); *see State v. Middleton*, 43 S.W.3d 881, 884 (Mo.App.2001). "The trial court determines the weight of the evidence and the credibility of witnesses, and we will not substitute our discretion for that of the trial court in deciding whether sufficient evidence supporting the trial court's ruling exists." *Potter*, 72 S.W.3d at 313. "Although we review the facts under a clearly erroneous standard, the issue of whether the Fourth Amendment has been violated is a question of law which we review de novo." *Id.*

"A search without a warrant is *per se* unreasonable under the Fourth Amendment subject only to a few well defined exceptions."[4] *State v. Akers*, 723 S.W.2d 9, 13 (Mo.App.1986). Appellant has the burden of establishing that his constitutional rights were violated by the challenged search or seizure. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990). However, the State has the burden to justify a warrantless search and to demonstrate that such falls within an exception to the warrant requirement. *Id.; State v. Tackett*, 12 S.W.3d 332, 337 (Mo.App. 2000).[5]

The Supreme Court in *Minnesota v. Dickerson*, 508 U.S. 366, 375–76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993), "approved the 'plain-feel' exception to the warrant requirement." *State v. Rushing*, 935 S.W.2d 30, 32 (Mo. banc 1996), *cert. denied*, 520 U.S. 1220, 117 S.Ct. 1713, 137 L.Ed.2d 837 (1997). Our state's high court, in adopting *Dickerson*, deter-

---

**3.** Officer Wray neither testified at trial nor at the suppression hearing. Officer Manlove testified as to the events occurring the night Appellant was searched.

**4.** "MO. CONST. art. I, § 15 (1945), provides the same guarantees against unreasonable search and seizures as the Fourth Amendment." *State v. Esquivel*, 987 S.W.2d 481, 483 n. 1 (Mo.App.1999). "Thus, any analysis of search and seizure questions under the Fourth Amendment is identical to search and seizure questions arising under Missouri law." *Id.* (quoting *State v. Damask*, 936 S.W.2d 565, 570 (Mo. banc 1996)).

**5.** "Our appellate courts have recognized numerous exceptions to the warrant requirement of the Fourth Amendment. A warrant is not required for:

'(1) a search incident to a lawful arrest; (2) a seizure of items falling within the plain view doctrine; (3) a search of an automobile where probable cause exists to believe that it contains a substance which offends the law; or (4) a protective search by officers for weapons upon less than probable cause to arrest.' "

*Tackett*, 12 S.W.3d at 337 (quoting *State v. Leavitt*, 993 S.W.2d 557, 560 (Mo.App.1999)). As explained, *infra*, the Fourth Amendment does not prohibit a so-called *Terry* stop—a stop followed by a "frisk" or "pat-down" for weapons—that is based on reasonable suspicion supported by articulable facts that the person stopped is engaged in criminal activity. *Id.*

mined "the plain-feel doctrine provides that if an officer discovers what is immediately apparent as contraband during the limited search for weapons, he is not required to ignore it." *Id.* at 34. "[T]o justify a seizure under the plain-feel doctrine, the officer must have probable cause to believe that the item felt is contraband." *Id.* at 33. "Probable cause exists when the facts and circumstances within the knowledge of the seizing officer are sufficient to warrant a person of reasonable caution to believe that the item may be contraband or other evidence of a crime." *Id.* "Relevant to this determination is the officer's factual knowledge, based on his law enforcement experience." *Id.*

■ In the instant case, Officer Manlove testified that he saw Appellant run from the building, and noted that he matched the physical description that he and other investigating officers had been given. His suspicions were further heightened when Appellant did not stop as instructed, but in fact continued walking away. Under the circumstances, Appellant's stop was based on a reasonable suspicion that Appellant had or was about to commit a crime and it was justified. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968); *Rushing,* 935 S.W.2d at 32.

■ Once a valid stop has been made, a police officer may pat a suspect's outer clothing if there exists reasonable suspicion that the suspect might be armed, even if no probable cause exists to make an arrest. *State v. David,* 13 S.W.3d 308, 312 n. 2 (Mo.App.2000). " 'When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others,' he may conduct a limited protective search for concealed weapons." *Id.* at 312 (quoting *Terry,* 392 U.S. at 24, 88 S.Ct. 1868). However, since the purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence, a *Terry* stop and frisk is limited in scope to this protective purpose. *Id.*

■ We determine that the pat down of Appellant was proper. The officers had been informed in their briefing that Appellant had been seen with a gun. Once the officers had detained Appellant, Officer Manlove testified that he observed Officer Wray conduct a pat down of Appellant to search for weapons. In conducting the pat down, Officer Manlove testified that Officer Wray discovered an item in Appellant's sock. When Officer Wray removed the item, Officer Manlove related that he observed it was a plastic baggie containing "what we believed to be crack cocaine...."

■ "The [United States] Supreme Court has equated the requirement that an item in plain view or feel be 'immediately apparent' as contraband or other evidence of a crime with the probable cause standard." *Rushing,* 935 S.W.2d at 33. "Thus, to justify a seizure under the plain-feel doctrine, the officer must have probable cause to believe that the item felt is contraband." *Id.*[6] Here, the record is com-

6. In *Dickerson,* the United States Supreme Court affirmed the Minnesota Supreme Court's determination that a police officer had overstepped the lawful bounds marked by *Terry* when the officer determined that a lump in the pocket of defendant's jacket was contraband crack cocaine "only after 'squeezing, sliding and otherwise manipulating the contents of the defendant's pocket,' " a pocket which the officer already knew contained no weapon. *Dickerson,* 508 U.S. at 377–78, 113 S.Ct. 2130. The high court determined that the "incriminating character of the object was not immediately apparent to him. Rather,

pletely devoid of any testimony or evidence from Officer Wray showing that the object he might have felt in Appellant's sock was, by virtue of its contour or mass, made immediately identifiable as contraband. *Dickerson,* 508 U.S. at 377, 113 S.Ct. 2130; *Rushing,* 935 S.W.2d at 33.

In our review we are unable to determine whether the incriminating character of the object was or was not immediately apparent to Officer Wray, because the State failed to present this vital information during the course of trial. *See Dickerson,* 508 U.S. at 379, 113 S.Ct. 2130. Accordingly, the State failed to show that Officer Wray had probable cause to believe the item he felt was, indeed, contraband. "[A] criminal defendant may only be convicted on the evidence properly in the record." *State v. Stephens,* 88 S.W.3d 876, 881 (Mo.App.2002).

The state has failed to meet its burden justifying the warrantless search of Appellant's clothing, and has failed to demonstrate that such warrantless search fell within an exception to the warrant requirement. *Tackett,* 12 S.W.3d at 337. The trial court should have granted Appellant's motion to suppress the evidence and should not have received into evidence the crack cocaine seized during the search of Appellant's clothing. The judgment of conviction and sentence of the trial court is reversed. *See State v. Berry,* 92 S.W.3d 823, 831 (Mo.App.2003).

RAHMEYER, C.J., and GARRISON, J., concur.

the officer determined that the item was contraband only after conducting a further search, one not authorized by *Terry* or by any other exception to the warrant requirement." *Id.* at 379, 113 S.Ct. 2130. Accordingly, it

determined that the "further search of respondent's pocket was constitutionally invalid, the seizure of the cocaine that followed was likewise unconstitutional." *Id.*