STATE of Missouri, Plaintiff–
Respondent,

v.

Maurice Cornelius RICHARDSON,
Defendant–Appellant.

No. SD 29633.

Missouri Court of Appeals,
Southern District,
Division Two.

June 14, 2010.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Maurice Cornelius Richardson ("Defendant") appeals the trial court's judgment convicting him of one count of robbery in the first degree, pursuant to section 569.020,[1] and one count of resisting arrest, pursuant to section 575.150.[2] Defendant contends that the trial court erred in overruling his motion to suppress and admitting at trial evidence obtained in a search of his automobile and in denying his request to withdraw his waiver of a jury trial. We affirm.

### Factual and Procedural Background

At approximately 2:00 a.m. on August 30, 2006, an African–American male, wearing a ski mask, a red shirt, dark pants, and tennis shoes, walked into a Fast & Friendly convenience store in Springfield, pulled a knife on the clerk, and demanded all the money in the cash register. The clerk gave the robber all of the cash from the register, which was in small denominations of ten dollars and less, and the robber left the store. The clerk walked out of the store while calling 911 and, when police officers drove up seconds later, motioned toward an alley in the direction that the robber had taken. Officer Whisnant, as directed by the clerk, drove up the alley near the store and into an adjoining street. After several minutes, Whisnant saw a vehicle backing out of a driveway nearby. The vehicle was moving very slowly, and its lights were not on. Whisnant followed the vehicle until it stopped, and Defendant

---

1. All references to section 569.020 are to RSMo 2000.

2. All references to section 575.150 are to RSMo Cum.Supp.2005.

got out of it holding wads of cash in his hands.

After a chase and a struggle, in which Defendant dropped cash on the ground along the way, officers were able to stop and handcuff Defendant. Officer Whisnant gave custody of Defendant to another officer and examined Defendant's vehicle. Through the back window, he observed a red shirt, dark pants, and tennis shoes. Through the front door left open by Defendant when he exited the vehicle, Whisnant saw a knife on the floorboard in front of the driver's seat. Whisnant directed another officer to conduct a search of the vehicle. Defendant was charged with one count of robbery in the first degree and one count of resisting arrest.

On March 7, 2008, the trial court accepted Defendant's Waiver of Trial by Jury form after a hearing in which the court found that Defendant had freely, voluntarily, and intelligently waived his right to a trial by jury. On May 14, 2008, Defendant sent the trial judge a letter asking to withdraw the waiver. At a hearing on May 30, 2008, the judge denied the request to rescind the jury-trial waiver.

After a bench trial on November 25, 2008, at which Defendant was represented by counsel, the trial court found Defendant guilty of one count of robbery in the first degree and one count of resisting arrest. The trial court sentenced Defendant to eighteen years' imprisonment for the robbery count and seven years' imprisonment for resisting arrest, to be served concurrently.

This appeal timely followed.

### Discussion

Defendant raises two points on appeal. We address them in the order presented.

### Admission of Evidence from Search of Defendant's Automobile

Defendant contends in his first point on appeal that the trial court erred in overruling his motion to suppress evidence seized as a result of the search of his automobile and abused its discretion in admitting this evidence at trial. Defendant contends the evidence should have been suppressed because it was the result of an unlawful search and seizure that violated the Fourth Amendment to the United States Constitution and Article I, Section 15 of the Missouri Constitution.[3] Defendant claims that the search and seizure did not come within the search-incident-to-arrest exception to the warrant requirement and were thus unlawful because he was unable to reach items within the automobile at the time the search occurred. Defendant further claims that the police had no justification for the search other than to discover weapons or destructible evidence that Defendant might access. We disagree.

■ The ruling below should be reversed only if it is clearly erroneous. *State v. Granado*, 148 S.W.3d 309, 311 (Mo. banc 2004). Only when we are left with a definite and firm belief that a mistake has been made will we deem the trial court's ruling "clearly erroneous." *State v. Renfrow*, 224 S.W.3d 27, 31 (Mo.App.2007). In our review, we consider evidence presented at the pre-trial hearing on the motion to suppress as well as any additional evidence presented at trial. *State v. Oliver*, 293 S.W.3d 437, 442 (Mo. banc 2009). We view all facts and reasonable infer-

---

**3.** The protection provided to Missouri citizens by Article I, Section 15 is coextensive with that provided by the Fourth Amendment of the United States Constitution. *State v. Rush-*

ing, 935 S.W.2d 30, 34 (Mo. banc 1996). Therefore, our analysis is confined to a discussion of Defendant's Fourth Amendment claim.

ences in the light most favorable to the trial court's ruling. *Id.* We defer to the trial court's factual findings and credibility determinations. *State v. Sund,* 215 S.W.3d 719, 723 (Mo. banc 2007). Whether the conduct at issue violates the Fourth Amendment is a matter of law that an appellate court reviews *de novo. Id.*

 Warrantless searches or seizures are *per se* unreasonable under the Fourth Amendment, but there are certain recognized exceptions. *State v. Moore,* 99 S.W.3d 579, 582 (Mo.App.2003). The State has the burden of justifying the warrantless search by showing that it falls within one or more of these exceptions. *Id.* Here, the State justifies the warrantless search under both the "search incident to lawful arrest exception" and the "automobile exception."

### Search incident to arrest

 In 2009, the United States Supreme Court re-examined its Fourth Amendment jurisprudence regarding searches of vehicles incident to arrest. *Arizona v. Gant,* —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (discussing, *inter alia, New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), *Thornton v. U.S.,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), and *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998)). *Gant* held that when a recent occupant of a vehicle has been placed under arrest, police may search the passenger compartment of the vehicle without a warrant when the arrestee is within reaching distance of the passenger compartment or when "it is reasonable to believe the vehicle contains evidence of the offense of arrest." 129 S.Ct. at 1723. The *Gant* majority underscores the distinction between its holding that permits vehicle searches undertaken with the reasonable belief that offense-related evidence will be found within an arrestee's vehicle and the well-established "automobile exception." *See id.* at 1721. The automobile exception, which we discuss below, requires that an officer have probable cause to believe an automobile contains evidence of a crime, whereas the exception found in *Gant* requires only that it is "reasonable to believe" that evidence of the specific offense of arrest will be found in the passenger compartment. *Id.*

Here, there is no dispute that Defendant was unable to reach the passenger compartment of his vehicle at the time of the search, so the first *Gant* exception for a search incident to arrest does not apply. Defendant was handcuffed, and testimony shows that he was either inside or outside a patrol car in the custody of an officer at the time, or already at the jail. Accordingly, we analyze only whether it was reasonable under *Gant* for the police to believe that evidence of the offense of arrest, in this case the robbery of the convenience store, could be found in the vehicle.

The police saw Defendant leaving the area of the robbery in his vehicle minutes after the robbery of cash at knife-point was reported. He was driving a vehicle with no lights on at 2:00 a.m. in the middle of the night. When Defendant stepped out of his vehicle, he had wads of cash in both hands. Defendant fled from the officers on foot but was quickly apprehended and arrested for robbery and resisting arrest. When the police subsequently examined the vehicle from the outside, they were able to see clothing inside that matched the description of that worn by the robber, as well as a knife. Under these circumstances, the police had an objectively reasonable basis for believing that evidence relevant to the robbery would be found in Defendant's vehicle. The search incident to Defendant's arrest was therefore authorized under *Gant. See* 129 S.Ct. 1710.

### The automobile exception

A search of an automobile pursuant to probable cause to believe that contraband, weapons, or evidence of a crime within the automobile is a well-established exception to the Fourth Amendment warrant requirement. *See Gant,* 129 S.Ct. at 1721 (discussing *U.S. v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)); *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo. banc 1990). The principles that underlie this "automobile exception" are that citizens have a "less significant expectation of privacy in their automobiles than in their homes and offices," and that the inherent mobility of an automobile "often presents an exigent circumstance making procurement of a search warrant unfeasible[.]" *Id.* "Probable cause may arise when the facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a man of reasonable caution a belief that the contents of the automobile offend the law." *Id.*

Here, Officers Whisnant and Clawson arrived at the scene of a convenience store robbery of cash within one minute of the clerk's call to 911. The officers followed a vehicle near the scene, and later lawfully arrested Defendant, who had since exited that same vehicle with his fists full of cash. After assigning custody of Defendant to another officer, Whisnant examined the interior of the vehicle from the outside. Through the back window, and through the partially-open driver's side door, Whisnant saw a red shirt, blue or black pants, white tennis shoes, and a partially-exposed knife. The store clerk had reported that the robber had worn a red shirt and dark pants and had wielded a knife. We find that these facts and circumstances were sufficient to allow a person of reasonable caution to believe that the contents of the vehicle offended the law. Thus, probable cause existed to search the vehicle without a warrant under the "automobile exception."

After reviewing the entire record, this Court is not left with a definite and firm belief that a mistake has been made by the trial court as to the admissibility of the evidence obtained by the search of Defendant's automobile. The trial court did not err in overruling Defendant's motion to suppress the evidence discovered in his vehicle or in admitting such evidence at trial. The warrantless search was reasonable within the meaning of the Fourth Amendment, both as a search incident to arrest and as a search performed pursuant to the "automobile exception." Accordingly, Defendant's first point is denied.

### Denial of Defendant's Request to Withdraw Jury–Trial Waiver

Defendant's second point on appeal asserts the trial court abused its discretion in refusing Defendant's request to withdraw his jury-trial waiver. Missouri law allows criminal defendants to waive their right to a jury trial and submit their cases to the court. Rule 27.01(b).[4] A defendant does not have a constitutional right to withdraw a valid jury-trial waiver, and whether that waiver may be withdrawn is discretionary with the trial court. *State v. Morton,* 648 S.W.2d 642, 643 (Mo. App.1983). Judicial discretion is abused only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Christeson,* 50 S.W.3d 251, 261 (Mo. banc 2001).

Defendant does not claim that his waiver of a trial by jury was invalid. Defendant testified at the March 7, 2008, hearing

---

4. All rule references are to Missouri Court Rules (2010).

regarding his waiver that he was aware that he had a right to a jury trial and that he knew that his case was set for a jury trial the next week. Defendant stated that he intended to have his case tried by the court alone, and he answered affirmatively all of the trial court's questions regarding his understanding of the jury-trial process. Defendant stated that he freely and voluntarily gave up his right to a trial by jury. The trial court accepted Defendant's waiver and removed his jury trial from the next week's docket.

Defendant's bench trial was scheduled for May 28, 2008. The trial was subsequently continued, at the State's request, until July 30, 2008. On May 14, Defendant sent the trial judge a letter asking to withdraw his jury-trial waiver. A hearing on that request was held on May 30, 2008, at which the trial judge denied the request to withdraw the jury-trial waiver. Defendant, although given the opportunity to present any evidence he desired in support of his motion, declined to do so. The trial court found that Defendant's waiver form was accepted upon a finding that he freely, voluntarily, and intelligently gave up his right to a jury trial and that allowing Defendant to withdraw the waiver at that time would work an injustice on other litigants and a hardship on the court. In making the latter finding, the trial court stated:

> I further find this to be true: At the time of your waiver of jury trial you had a jury trial the very next week. It may have been the No. 1 setting on March 11th. You came in and you agreed to waive jury trial on March 7th so as to avoid that jury trial.
>
> The Court then put another case in for that place because the Court has a lot of cases waiting their turn for a jury trial. And I would find that to now let you withdraw your right to jury trial [sic] would delay many other cases for many, many months, and that would work an

injustice to all the other people awaiting their constitutional right to a jury trial, a constitutional right which you waived. So it would work a hardship on this Court and it would work a hardship on many other litigants.

Defendant argues, without any citation to or support from the record, that there was sufficient time to set a jury trial without causing undue hardship or delay. Defendant attempts to distinguish the facts of his case from those in *Morton* by pointing out that the defendant in *Morton* requested withdrawal of his waiver only one month before trial, whereas here, Defendant sent a letter to the judge approximately two and a half months before his trial date. *See Morton*, 648 S.W.2d 642. Defendant has failed, however, to direct us to anything in the record refuting the trial court's finding that allowing Defendant to withdraw his waiver and schedule a jury trial would "work a hardship on this Court and it would work a hardship on many other litigants." Because the trial court is in the unique position of possessing intimate knowledge of its docket and schedule, in the absence of any contrary evidence, we cannot say that this finding was clearly against the logic of the circumstances or so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. The trial court's denial of Defendant's request to withdraw his valid jury-trial waiver was not, therefore, an abuse of discretion. Defendant's second point is denied.

### Decision

The judgment of the trial court is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.