

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32717 |
| | ) | |
| CHRIS RENN, | ) | FILED: November 4, 2014 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Benjamin F. Lewis, Judge

**<u>AFFIRMED</u>**

Chris Renn was convicted of statutory sodomy in a court-tried case. He claims error in holding a bench trial, alleging that he never validly waived his right to jury trial in open court or on the record. We affirm the conviction.

## Background

Renn's case was set for a jury trial on November 29, 2010, with a motion hearing on October 18. On the motion date, Renn, his attorney, and the state signed a two-page agreement wherein Renn waived jury trial, would take a polygraph exam, and would plead to ten years if he failed the exam, but if he passed it, the case could

be dismissed. Also that day, to quote Renn's brief, "defense counsel and the state appeared before the trial court, and the case was set for a bench trial on November 29, 2010," the date previously set for jury trial.

Renn failed the polygraph, but instead of pleading guilty, he moved for a jury trial. The state opposed this and filed the October 18 agreement. The court denied Renn's motion and set a new bench trial date.

Over the next eleven months, Renn filed three more motions to withdraw, quash, or otherwise negate his jury trial waiver. None succeeded. Ultimately, Renn was bench tried and convicted.

## Claim and Analysis

Renn's sole point on appeal is quite narrow. It does _not_ challenge the sufficiency of the evidence or any ruling or action during the trial itself. It does _not_ allege that Renn's jury trial waiver was not "knowing, voluntary, and intelligent" or not sufficiently clear. *See **State v. Baxter***, 204 S.W.3d 650, 653 (Mo. banc 2006). It does _not_ claim the trial court abused its discretion in denying Renn's request to withdraw his waiver. *See **State v. Richardson***, 313 S.W.3d 696, 700 (Mo.App. 2010).

Rather, Renn's sole point alludes to Rule 27.01(b)'s requirement that a felony defendant's jury trial waiver "be made in open court and entered of record" and charges that neither of these occurred.[1] The state correctly observes that this

---

[1] Rule references are to Missouri Court Rules (2010). We disregard arguments outside the scope of the point relied on. ***State v. Wolfe***, 332 S.W.3d 877, 881 n.8 (Mo.App. 2011).

particular claim, never raised in the trial court, is not preserved for appellate review. *State v. Higginbotham*, 765 S.W.2d 352, 356 (Mo.App. 1989). At Renn's request, however, we exercise our discretion to review for plain error under Rule 30.20.

Plain error claimants must show not merely prejudice, but error resulting in manifest injustice or a miscarriage of justice. *State v. Griffith*, 312 S.W.3d 413, 419 (Mo.App. 2010); Rule 30.20. Yet Renn argues little or nothing of prejudice, much less the higher standard. Couple this with the sole point's failure to challenge the waiver's clarity, or its knowing, voluntary or intelligent nature, or the trial court's denial of Renn's motion to withdraw the waiver, and we find it impossible to discern a manifest injustice or miscarriage of justice warranting plain error relief.

Moreover, we are not convinced that Rule 27.01(b) was violated – that this waiver was not "made in open court and entered of record." We find five copies of the October 18 agreement in the trial court record, all filed pre-trial. Renn's counsel filed two of those copies. Renn concedes that the attorneys also appeared before the trial court on the motion date, after which the court kept the trial date, but changed it to a bench trial. Over the next 18 months, Renn and his counsel initiated and attended multiple court hearings specifically on this waiver issue.

Renn argues that the October 18 agreement was negotiated and signed outside of court and not filed until Renn sought to repudiate it. We fail to see how those establish a Rule 27.01(b) violation in this context, much less the manifest injustice or miscarriage of justice needed for plain error relief.

## Conclusion

We are not convinced that Rule 27.01(b) was violated or, more importantly, that it was manifestly unjust for the trial court to accept Renn's waiver and conduct a bench trial.  No extended discussion is necessary.  Point denied.  Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, C.J./P.J. – CONCURS