

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
                )
    Plaintiff-Respondent, )
                )
vs. )        No. SD35590
                )
LARRY DEAN PRESLEY, )       **Filed:  October 8, 2019**
                )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

## <u>AFFIRMED</u>

Larry Dean Presley ("Defendant") signed a Waiver of Trial by Jury. The judge who accepted the waiver of a jury trial subsequently recused. Defendant now complains that the second judge who tried the case failed to ascertain that Defendant's waiver was knowing and voluntary. Defendant argues the waiver was supposed to be specifically for the first judge. We find no error. The judgment is affirmed.

Defendant signed the following waiver of trial by jury:

> The undersigned defendant waives his right to trial by jury in the above-styled cause and submits the trial thereof to the Court, sitting without a jury, whose findings shall have the force and effect of the verdict of a jury.

1

Defendant states this waiver is made after consultation with defendant's attorney of record, and that no threats or promises were made to defendant to induce this waiver.

Defendant prays the Court to assent to this waiver.

Entered this 16th day of September, 2015.

[signature of Defendant]
Larry Presley, Defendant

The waiver was also signed by Defendant's attorney and the trial court judge.

The trial court adduced the following at a hearing:

On the 16th day of September, 2015, the above cause came on before THE HONORABLE DAVID C. JONES, Judge of Division II, of the Thirty-First Judicial Circuit, at Springfield, Missouri.

. . . .

THE COURT: We're calling in the State of Missouri vs. Larry Presley. We'll have everyone introduce themselves, starting with the prosecution first.

MR. ARNOLD: Joseph Arnold appearing for the State.

MR. SHERWOOD: Devon Sherwood appearing for Mr. Presley, and Mr. Presley is present.

THE COURT: And you're Mr. Presley; is that right?

THE DEFENDANT: Yes.

THE COURT: Would you raise your right hand, Mr. Presley.
(Defendant, Larry D. Presley, was duly sworn by the Court.)

THE COURT: Thank you. Now, you're Larry D. Presley; is that right?

THE DEFENDANT: Yes, I am.

THE COURT: You're set for a jury trial starting on Monday; is that correct?

THE DEFENDANT: Yes.
THE COURT: And I have in front of me a waiver of jury trial that appears to have your signature on it. Is that your signature?

THE DEFENDANT: That is my signature.

THE COURT: And you understand that you'd have the right to a jury trial before 12 individuals. The State would have the burden of proof, and you would be presumed innocent until such time, if ever, that the State proves its case beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You also have the right, though, to waive that jury trial. And by executing this document, it indicates that's what you want to do. Have you had enough time to talk with Mr. Sherwood about that?

THE DEFENDANT: Yes.

Defendant contends the following language changed the general language above from the waiver to a specific waiver of a jury trial only if Judge Jones tried the case:

THE COURT: And do you believe it would be in your best interests to waive your jury trial rights and have it tried by me?

THE DEFENDANT: Yes.

THE COURT: Now, the same burden of proof will apply with me. They'll have to prove it to me beyond a reasonable doubt, or I will find that they did not prove it. Do you understand that?

THE DEFENDANT: Yes, I do.

The problem with Defendant's argument is that at no time did he ever raise an objection to the second judge trying the case. He did not object at the time of Judge Jones' recusal, at the pre-trial hearing, or at the trial itself. The first time Defendant raised the issue that this was a "specific to Judge Jones" waiver is on appeal. As such, the only review available to Defendant is plain error review. Our standard of review for plain error is two-prong:

First, this Court considers the facts and circumstances to facially determine if there was plain error—meaning "evident, obvious and clear" error. [*State v. Jennings*, 322 S.W.3d 598, 601 (Mo.App. S.D. 2010).] "In the absence of 'plain error,' we lack discretion to review claimed error under Rule 30.20." [*State v.*] *Bode*, 125 S.W.3d [924, 927 (Mo.App. W.D.

3

2004)]. Only after identifying plain error, do we proceed to the second step of determining whether manifest injustice, or a miscarriage of justice resulted. *Id.* [Defendant] has the burden to establish the trial court committed plain error, and that there has been a manifest injustice or miscarriage of justice. *State v. Robinson*, 392 S.W.3d 545, 554 (Mo.App. S.D. 2013).

*State v. Collins*, 413 S.W.3d 689, 694 (Mo.App. S.D. 2013). We find no error.

Defendant has not referred us to any Missouri authority, and we are not aware of any Missouri authority, that supports Defendant's claim that the colloquy between the trial judge and a defendant can change a general waiver of a jury trial to a waiver specific to a certain trial judge. In the absence of supporting authority, we find no error, plain or otherwise, in this case. Additionally, even if Defendant had raised the issue by filing a motion to withdraw his waiver, the standard of review for the denial of that motion would be abuse of discretion. *State v. Richardson*, 313 S.W.3d 696, 700 (Mo.App. S.D. 2010). There would be no abuse of discretion in this case. The conversation between the trial court and Defendant establishes that the waiver was voluntary. At no time did Defendant condition any of his answers concerning his waiver that the trial take place before Judge Jones. Judge Jones did not talk in the third person ("trial court" instead of "me") while talking with Defendant. That colloquy does not result in the general waiver becoming a narrow, judge-specific waiver. The fact that Defendant never complained prior to or during the trial that Judge Jones was no longer hearing his trial supports the conclusion that the waiver was a knowing and voluntary waiver of Defendant's right to a jury trial. Defendant's point is denied.

The judgment is affirmed.

4

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs