

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37596
) Filed: June 13, 2023
LONNIE JAMES SKELTON, )
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Becky J.W. Borthwick, Circuit Judge

**<u>AFFIRMED</u>**

Lonnie Skelton (Defendant) appeals from his convictions for first-degree assault and armed criminal action (ACA). *See* § 565.050; § 571.015.[1] Presenting one point on appeal, Defendant argues that the trial court abused its discretion by refusing to allow him to withdraw his jury-trial waiver. Because we conclude that the trial court did not abuse its discretion, we affirm.

**Factual and Procedural Background**

Defendant was charged with first-degree assault and ACA after an incident in which he stabbed another person. On April 12, 2021, Defendant appeared in open court with his

---

[1] References to § 565.050 are to RSMo (2016). References to § 571.015 are to RSMo Cum. Supp. (2020). All rule references are to Missouri Court Rules (2021).

appointed counsel, Melissa Knerr (Knerr), and made a request to waive Defendant's right to a jury trial. The trial court questioned Defendant about his waiver and apprised him of the rights that he would be forfeiting. Defendant testified that he understood his rights and that he had plenty of time to discuss the waiver with counsel. He said that no one had threatened him or promised him anything in exchange for his waiver. According to Knerr, Defendant understood his rights, and it was in his best interest to waive his right to a jury trial. The court found that Defendant's waiver was made "freely, voluntarily, and with a full understanding of his rights." The court accepted the waiver, and Defendant's signed waiver form was entered into the record.

Knerr was replaced as counsel for Defendant on May 24, 2021. On December 8, 2021, the day before the bench trial was scheduled to begin, Defendant filed a motion requesting that the court set aside Defendant's jury-trial waiver and set the case for a jury trial. The motion alleged that: (1) Knerr had informed the public defender's office that she would be leaving for a position with a prosecutor's office in a different county; (2) Defendant believed Knerr was in the interview or negotiation process for the new position at the time of Defendant's jury-trial waiver; and (3) this created a conflict of interest on Knerr's part.

A hearing was held on Defendant's motion the next day, prior to the start of the bench trial. Knerr gave the following testimony about her job change and her representation of Defendant. Knerr began her job search in the spring of 2021. She applied and interviewed for the prosecutor position "probably sometime in late March or early April." Knerr initially turned down an offer from the prosecutor's office but then accepted a second offer several weeks later. She believed that she had not yet accepted the prosecutor position at the time of Defendant's jury-trial waiver. Knerr gave notice to her supervisors in late April or early May that she was leaving, and she officially left her position with the public defender's office

2

on June 30, 2021. At the time she gave her notice, pursuant to office policy, Knerr asked all her current clients to sign a waiver consenting to her continued representation through her departure date. Defendant declined to sign the waiver, and his case was reassigned to a different attorney.

Defendant was called as a witness at the motion hearing and gave the following testimony. At the time he waived his right to a jury trial, he did not know that Knerr had applied for a position at a prosecutor's office. If he had known that Knerr was in the process of applying for a prosecutor job, he would have questioned her advice and may not have waived his right to a jury trial.

Defendant's trial counsel admitted that he was not alleging any ethical violation by Knerr. Instead, counsel argued that Defendant's waiver was not knowing, intelligent, and voluntary because he did not have all of the relevant information. In response, the prosecutor argued that Defendant was merely trying to delay the trial in order to prevent the victim from testifying. According to the prosecutor, delaying the trial further could limit the availability of key witnesses, including the victim and a police officer who was 23 weeks pregnant.

The trial court denied Defendant's motion to withdraw his jury-trial waiver. Following a bifurcated bench trial, the court found Defendant guilty of both counts. Defendant was sentenced to imprisonment terms of 15 years on the assault charge and three years on the ACA charge, and the court ordered the sentences were to run consecutively. This appeal followed.

**Standard of Review**

The United States and Missouri constitutions guarantee the right to a jury trial in criminal cases, but this right may be waived by a defendant with the consent of the trial court. *State v. Hilbert*, 663 S.W.3d 462, 466 (Mo. banc 2023). The jury-trial waiver "shall

3

be made in open court and entered of record." *Id*. (citation omitted); Rule 27.01(b). A valid waiver occurs if "the record establishes a defendant knowingly, voluntarily, and intelligently waived his or her right to a jury trial." *Hilbert*, 663 S.W.3d at 466. However, once a defendant has waived his or her right to a jury trial, there is no constitutional right to withdraw the waiver. *State v. Richardson*, 313 S.W.3d 696, 700 (Mo. App. 2010). Instead, the decision to grant or deny the request for withdrawal is within the discretion of the trial court. *Id*. "Judicial discretion is abused only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id*.

### Discussion and Decision

In Defendant's sole point on appeal, he argues that the trial court abused its discretion by refusing to allow Defendant to withdraw his jury-trial waiver. Defendant argues that: (1) he relied on Knerr's advice in waiving his right to a jury trial; and (2) had he known Knerr was applying to be a prosecutor, he would not have done so.

Defendant asserted in his motion to withdraw his jury-trial waiver that he "believe[d] there was a conflict of interest at the time of his waiver[.]" This claim is without merit because there is no legal standard under which Knerr's actions rise to the level of an actual conflict of interest. In the context of ineffective assistance of counsel claims, for example, "[a]n actual conflict of interest requires concurrent representation of conflicting interests[.]" *Haffly v. State*, 651 S.W.3d 893, 895 (Mo. App. 2022). Even if Knerr was looking for other positions while representing Defendant, she never represented an interest that conflicted with his. In Defendant's brief, he concedes that Knerr's representation did not constitute an actual conflict of interest under any legal or ethical standard.

4

Despite this concession, Defendant argues that "the appearance of not allowing [Defendant] to second guess [Knerr's] advice about waiving his constitutional right to a jury trial once he learned she was essentially going to work for the other team gives the appearance of unfairness under these circumstances." Defendant's argument ignores the fact that Knerr made the decision to "work for the other team" after he had already waived his right to a jury trial. Knerr testified that she interviewed for a couple of other jobs at the same time, so she would not necessarily have known then that she was going to work as a prosecutor. As soon as Knerr accepted the new position, Defendant was given the opportunity to be assigned new counsel and elected to do so. Nothing about this process "gives the appearance of unfairness" such that the trial court would have been required to grant Defendant's request to withdraw his jury-trial waiver.

In *Richardson*, 313 S.W.3d 696, this Court upheld a trial court's denial of a withdrawal of a jury-trial waiver. *Id*. at 701. We concluded the trial court did not abuse its discretion by finding that "allowing [the defendant] to withdraw his waiver and schedule a jury trial would 'work a hardship on this Court and it would work a hardship on many other litigants.'" *Id*. We reach the same conclusion here. The record demonstrates that allowing Defendant to withdraw his waiver would have worked a hardship on the trial court and on other litigants. The State noted its concern about the availability of several witnesses if the trial was to be delayed, including an allegation that Defendant had tampered with the victim and hoped to prevent the victim from testifying. The trial court could consider these concerns in making its decision on the withdrawal motion. The trial court also was able to consider the timing of the motion. Defendant waited until the day before trial was scheduled to begin to file his motion, despite the fact that he had learned about Knerr's job change and been assigned new counsel more than six months earlier. He offered no justification for the

delay in raising this issue, which lends support to the State's assertion that Defendant's true aim was postponing the trial. Finally, rescheduling the trial the day before it was set to begin would have imposed a burden on the trial court and likely would have delayed other matters before the court. As we noted in **Richardson**, "the trial court is in the unique position of possessing intimate knowledge of its docket and schedule[.]" 313 S.W.3d at 701. Because the trial court has greater knowledge of its docket than do we, this Court is not able to second-guess the trial court's judgment in finding that a rescheduled trial would not be feasible.

Here, the record was sufficient to demonstrate that: (1) rescheduling Defendant's trial could have worked a hardship on the trial court and other litigants; and (2) Defendant failed to show any conflict of interest or resulting unfairness that would have necessitated a withdrawal of his jury-trial waiver. Therefore, we conclude that the trial court did not abuse its discretion in denying Defendant's motion to withdraw his jury-trial waiver. *See id*. at 700.

Defendant's sole point is denied, and the judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCUR

JACK A. L. GOODMAN, C.J. – CONCUR